UNITED STATES of America, Plaintiff–Appellee,

v.

David CURIEL, Defendant–Appellant.

No. 02–10604.
D.C. No. CR–01–00191–HG.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

212

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

David Curiel appeals from his sentence imposed following his guilty plea to conspiracy and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Curiel contends that the district court erred in denying him a two-level downward adjustment for minor role in the offense under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the factual determination of whether a defendant is a minor participant, *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989), and we affirm.

In arguing for a minor role adjustment under § 3B1.2(a), Curiel asserted that he was merely a one-time drug courier and among the least culpable in the drug operation. The district court found that Curiel played a critical role in the drug conspiracy given that he was responsible for possessing 692.5 grams of methamphetamine which he was entrusted to sell to a contact person for $23,500. Given the circumstances, the district court did not clearly err in determining that an adjustment for

a minor role was unwarranted. *See United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir.1994) (reviewing for clear error and holding that the district court did not err by denying downward adjustment under section 3B1.2 where defendant knew he was transporting drugs and received money in return, demonstrating that he was trusted with responsibility).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

